**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
               *Plaintiff-Appellee,*

v.

EDILBERTO GARCIA-RESTREPO, a/k/a
Edilberto Garcia,
               *Defendant-Appellant.*

No. 00-4046

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-98-65-V)

Submitted: January 31, 2002

Decided: February 15, 2002

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Randolph Marshall Lee, LAW OFFICES OF RANDOLPH MAR-
SHALL LEE, Charlotte, North Carolina, for Appellant. Robert J. Hig-
don, Jr., OFFICE OF THE UNITED STATES ATTORNEY,
Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Edilberto Garcia-Restrepo pled guilty to conspiracy to distribute and possess with intent to distribute a quantity of cocaine and cocaine base, forging false Social Security cards and resident alien cards, transferring false Social Security cards, conspiracy to launder monetary instruments, and money laundering. He appeals the 262-month sentence he received for the conspiracy count, contending that the sentence is invalid under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He also challenges the district court's determination of the amount of cocaine attributable to him and its finding that a four-level leadership adjustment was warranted. *U.S. Sentencing Guidelines Manual* §§ 2D1.1, 3B1.1(a) (1998). We affirm.

Garcia-Restrepo, an illegal immigrant from Colombia, owned and operated a small grocery store in Statesville, North Carolina, from late 1996 until his arrest in April 1998. Garcia-Restrepo sold cocaine from the store with the assistance of co-defendant Dario Perez, and sold false identification documents such as immigration papers, Social Security cards, and driver's licenses. He also wired to Colombia money that was represented to him as drug proceeds by undercover agents.

Garcia-Restrepo obtained cocaine from two brothers in New Jersey, Hector and Jorge Ospina, who owned a trucking company and used their trucks to transport large quantities of cocaine, as much as 300 kilograms, from the west coast to the east coast. Garcia-Restrepo regularly traveled to New Jersey to purchase one or two kilograms of cocaine at a time, using a van in which he had installed secret compartments. On one trip, Garcia-Restrepo's van was searched with his consent and $42,000 was found in a secret compartment.

Garcia-Restrepo was aware of the size of the Ospinas' operation, because a wiretap was placed on the Ospinas' telephones, and in mon-

itored calls they discussed with Garcia-Restrepo a load of about 300 kilograms of cocaine that they were attempting to bring to the east coast. Also, Garcia-Restrepo assisted the Ospinas in an unsuccessful attempt to bring 150 kilograms of cocaine from Miami to Statesville. However, the Ospinas were never able to get the cocaine to Miami. The Ospinas were interviewed after their arrests and confirmed the information obtained by authorities through the wiretap.

At sentencing, after overruling Garcia-Restrepo's objections to the presentence report, the district court imposed a sentence of 262 months imprisonment and five years supervised release on Count One, the conspiracy count. The court imposed a concurrent sentence of 240 months imprisonment on Counts Two, Four, Six, Eight, Nine, and Ten, and a concurrent sentence of 180 months on Counts Three, Five, and Seven. A three-year term of supervised release was imposed for Counts Two through Ten.

Because *Apprendi* was decided after Garcia-Restrepo was sentenced, and he did not challenge his sentence in the district court on an *Apprendi*-type ground, we review his *Apprendi* claims under the plain error standard of review. *United States v. Olano*, 507 U.S. 725, 731-32 (1993) (unpreserved error will be noticed if appellant establishes that error occurred, was plain, and affected substantial rights, and appeals court in its discretion determines that error seriously affects fairness, integrity, or public reputation of judicial proceedings). *See also United States v. Promise*, 255 F.3d 150, 154-55 (4th Cir.) (en banc), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398).

The Supreme Court held in *Apprendi* that any fact, other than a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. This Court has since concluded that, in order to impose an enhanced sentence under 21 U.S.C.A. § 841(b)(1)(A), the drug quantity must be treated as an element of the offense by being charged in the indictment, submitted to a jury, and proved to a jury beyond a reasonable doubt. *Promise*, 255 F.3d at 152. However, facts that increase the guideline range but do not increase the statutory maximum need not be submitted to a jury. *United States v. Kinter*, 235 F.3d 192, 201-02 (4th Cir. 2000), *cert. denied*, 121 S. Ct. 1393 (2001).

In this case, no specific drug quantity was charged in the indictment. Therefore, the applicable sentencing provision was § 841(b)(1)(C), which provides for a sentence of no more than 240 months imprisonment.* *Promise*, 255 F.3d at 156-57. Garcia-Restrepo's sentence of 262 months thus constitutes error and the error was plain. *Id.* at 160; *see also United States v. Cotton*, 261 F.3d 397, 403-04 (4th Cir. 2001) (holding that imposition of a sentence greater than that allowed for defendant's conviction must be noticed on plain error review), *cert. granted*, 122 S. Ct. 803 (2002).

However, when there are multiple counts of conviction, and the total punishment mandated by the guideline range exceeds the highest statutory maximum, the district court must impose consecutive terms of imprisonment to the extent necessary to achieve the total punishment. USSG § 5G1.2(d). Thus, the error did not affect Garcia-Restrepo's substantial rights and we need not remand Garcia-Restrepo's case for resentencing because the district court would be obligated to impose a term of imprisonment of 240 months or less for each count of conviction and order the terms to be served consecutively to the extent necessary to achieve the 262-month sentence mandated by the guidelines. *United States v. White*, 238 F.3d 537, 543 (4th Cir.), *cert. denied*, 121 S. Ct. 2235 (2001).

Garcia-Restrepo also contests the district court's factual findings concerning the drug quantity for which he was responsible and his role in the offense. He claims that the district court clearly erred in finding that he was responsible, for sentencing purposes, for at least 150 kilograms of cocaine because the 150-kilogram load which he was to have helped transport from Miami never occurred. The district court's determination of the amount of drug is reviewed for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). Under USSG § 1B1.3(a)(1), (a)(2), a defendant is responsible for the conduct of co-conspirators in furtherance of the joint criminal activity. During the course of the conspiracy, the Ospinas attempted to obtain 150 kilograms of cocaine and Garcia-Restrepo actively assisted them. Because Garcia-Restrepo regularly bought multi-kilogram amounts of cocaine from the Ospinas, knew the extent of the Ospinas'

---

*Garcia-Restrepo had no prior convictions that could have subjected him to a 30-year sentence under § 841(b)(1)(C).

involvement with cocaine, and attempted to assist the Ospinas in transporting 150 kilograms of cocaine from Miami, he was properly held responsible for at least 150 kilograms of cocaine. *See* USSG § 2D1.1, comment. (n.12) (when amount does not reflect scale of offense, district court may approximate quantity of drugs).

The defendant's role in the offense is a factual question that is reviewed for clear error. *United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997). Garcia-Restrepo argues that there was no specific evidence that he acted as a leader, and that the district court failed to make specific findings to support the adjustment. However, the presentence report contained information that supported the adjustment, and Garcia-Restrepo presented no evidence to counter that information. A defendant who contests factual information in the presentence report must do more than allege that it is inaccurate; he has the burden of showing that it is inaccurate or unreliable. *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990). Where he does not do so, the district court may adopt the recommended findings in the presentence report. *Id.* Here, we find that the district court's finding was not clearly erroneous.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*